## ODEN v. STUBBLEFIELD.

1. The son being in possession of personal property belonging to his father, the father executed a deed of gift thereof to the son, reserving to himself by the deed the possession until his death. The donee and the defendant, who was a purchaser from him, retained the possession of the property for more than three years from the time the deed was made. Held, that to entitle the donor to recover, he must show a demand made and pursued by due course of law, or a registration of the deed upon such acknowledgement or proof as is required by the second section of the statute of frauds.

2. Where property is levied on by execution claimed by a third person, and a bond given to try the right, the pendency of such a proceeding, will not prevent the owner of the property from maintaining an action at law to recover the same of the claimant,

3. Where the measure of damages is the value of a life estate, the plaintiff, upon proof of the value of the absolute property, may recover nominal damages, if no more.

4. *Semble*—Where the plaintiff in an action of *detinue*, proves a life estate in slaves, the jury may ascertain by their verdict the value of the absolute property, and the judgment may be for the recovery of the slaves, or their alternate value : if the damages were limited to the value of the life estate, the defendant would pay the damages, instead of restoring the property, and thus defeat the object of the action.

THIS was an action of detinue brought by the defendant in error against the plaintiff in the Circuit Court of Talladega, for the recovery of a negro woman named Sally and her three children. The cause was tried upon an issue to the plea of *non detinet*. On the trial, a bill of exceptions was sealed at the instance of the defendant below. The defendant claimed the slaves in controversy under a bill of sale from Wm. F. Stubblefield, executed on the 18th April, 1839 ; and the latter deduced a title from the plaintiff under a deed of which the following is a copy, viz :

" *State of Alabama, Talladega county.*—Know all men by these presents, that I, John Stubblefield, for and in consideration of the natural love and affection which I have and bear towards my son, Wm. T. Stubblefield, as also for the further consideration of one dollar to me in hand paid at and before the sealing of these presents, the receipt whereof I do

hereby acknowledge, I have given, granted and confirmed, and by these presents do give, grant and confirm unto the said Wm. T. Stubblefield, his heirs and assigns forever, the follow-ing described property, to wit: one negro girl and child named Sally and Mariah, to have and to hold the said slaves, and the increase thereof, to the said Wm. T. Stubblefield, his heirs and assigns; and I do warrant and defend the same to the said Wm. T. Stubblefield, his heirs and assigns, against the claims and demands of all persons whatsoever. In witness whereof, I, the said John Stubblefield, have hereunto set my hand and seal. The above negroes are to remain in the possession of the said John Stubblefield until his death. Jan. 28, 1837.

JOHN STUBBLEFIELD. [Seal.]

In presence of
Solomon W. Dunn,
Hugh S. Darby,

Henry Gibson, J. P. [Seal.]"

This deed was acknowledged before a justice of the peace of Talladega on the 6th February next succeeding its date, and recorded in the office of the clerk of the County Court of that county on the 8th of the same month.

It was proved, that Sally and her daughter Mariah, (being the only child then born,) were in the possession of Wm. T. Stubblefield at the date of the deed of gift to him, and so re-mained up the time he sold them to the defendant; and that the defendant has retained the possession ever since the pur-chase by him.

On the 25th November, 1839, the woman Sally and her two children were levied on by writs of *fieri facias*, which had previously issued from the Circuit Court of Talladega against Evan Ragland and Wm. T. Stubblefield; and on the 29th of the same month, they were claimed by the defendant as his property, who gave bonds with surety to try the right as pro-vided by law. These suits for the trial of the right of property did not appear to have been determined when this cause was tried.

The plaintiff proved the value of the slaves in question, and their yearly hire; he also proved a demand of the defendant

in May, 1840, a few days previous to the commencement of this suit.

Among other instructions asked, the defendant moved the Court to instruct the jury—

*First:* That the deed from John to Wm. T. Stubblefield was not such an instrument as was required by the statute of frauds to be recorded, and that its registration in the clerk's office was not notice to the defendant of its contents. Which charge the Court refused to give; but instructed the jury, that the registration of the deed was notice to the world of what it contained.

*Second:* That if they believed the levy of the executions were not disposed of, and that the forthcoming bonds were still in force, then the slaves in controversy were in the custody of the law, and the plaintiff was not entitled to recover; unless a demand and refusal were shown to have taken place previous to the levy of the executions. Which charge was refused by the Court.

*Third:* That the proof of an absolute title to the slaves does not entitle the plaintiff to recover—he should have shown the value of an interest to continue during his life. This charge was also refused.

The jury having found a verdict in favor of the plaintiff below, and judgment being thereupon rendered, the defendant has prosecuted a writ of error to this Court.

LEFTWICH, for the plaintiff in error.
STONE, for the defendant.

COLLIER, C. J.—The second section of the statute of frauds, among other things, enacts, that a deed conveying goods and chattels only, shall be acknowledged and proved by one or more witnesses in the Superior Court, or County Court wherein one of the parties lives, within twelve months after the execution thereof; or unless possession shall really and *bona fide* remain with the donee. And where any loan of goods and chattels shall be pretended to have been made to any person, with whom or those claiming under him, possession shall have remained for the space of three years, without demand made and

pursued by course of law on the part of the pretended lender;
or where any reservation or limitation shall be pretended to
have been made of a use or property, by way of condition, re-
version, remainder or otherwise, in goods and chattels, the pos-
session whereof shall have remained in another as aforesaid,
the same shall be taken as to the creditors and purchasers of
the persons so remaining in possession, to be fraudulent: and
that the absolute property is with the possession; unless such
loan, reservation or limitation of use, or property, were declar-
ed by will or deed in writing, proved and recorded as afore-
said.

It is very clear under this act, that the deed of gift from the
defendant in error to W. T. Stubblefield should have been re-
corded, in order to protect the reservation in favor of the for-
mer against the creditors and purchasers of the latter; or else
the donor should not have acquiesced in the continued pesses-
sion of the donee, out snould have asserted his right to the im-
mediate enjoyment of the property.   Myers v. Peek's adm'rs.
decided at the present term, is conclusive of this point.   And
Sewall v. Glidden, 1 Ala. Rep. N. S. 52, shows that the ac-
knowledgement of such a deed, made before a justice of the
peace, does not authorize its registration, so as to prevent the
consequences which result in favor of creditors and purchasers,
where the right to personal property vests in one person, and
the possession remains with another for the space of three
years—registration which is irregular, does not impart to the
world a constructive notice of the contents of the deed.   But the
plaintiff in error could not be prejudiced, even if he had actual
notice of the reservation to the defendant—the statute declar-
ing the deed to be *fraudulent*, unless it is recorded upon such
acknowledgement or proof, as it prescribes.   [Myers v. Peek's
admr'rs.]   The proof showing that the plaintiff was a pur-
chaser from W. T. Stubblefield, with whom the possession re-
mained from the time of the gift by the defendant, for a period
which added to the plaintiff's possession, makes more than
three years; it necessarily follows that the Conrt erred in the
charge given in answer to the first instruction asked.

*Second:* It was argued for the plaintiff in error, that as
some of the slaves in question had been levied on by executions

against Ragland and W. T. Stubblefield, and bonds executed by him to try the right of property, the slaves were in the custody of the law, and the defendant could not maintain an action for their recovery ; unless the demand of the possession had been made and refused previous to the levies. (Wallace v. McConnell, 13 Peter's Rep. 136.)

This argument we think cannot be maintained. It is needless to consider, whether a debt for the recovery of which an action is pending, can be attached ; or whether property levied on, and claimed by a third person under the statute, can be again taken on execution while the trial of the right is pending : the present case is entirely unlike either of these. Here a party asserts a title to property which, if well founded, vested previous to the issuance of the executions, is independent of them, and paramount to any lien which the law can give. Such being its character, its assertion cannot be prevented by the acts or proceedings of others, in which the party suing had no agency. This point seems to us too clear to require further illustration. Any other conclusion than that we have stated, might seriously interfere with private rights.

*Third :* It is unnecessary to inquire whether the jury in assessing the value of the slaves, should have limited their price to a sum equivalent to the defendant's life estate ; or whether the defendant should not have adduced proof of the value of his interest. The charge prayed was, that *he was not entitled to recover* upon the proof of the value of an absolute estate. Now, if the evidence of title was satisfactory, but there was no proof of value, it would be competent for the jury to find nominal damages ; and the plaintiff might have a judgment accordingly.

But it is difficult to conceive of any legal reason why the defendant in error should not, if entitled to the slaves, have had a verdict and judgment for their full value, so as to coerce their delivery. The action is detinue, and the primary object to be effected, the recovery of the specific property, and if damages were assessed at a sum less than the value, the remedy in all probability would fail of answering the end proposed. Had the action been trover, there would be great force in the

argument, that the recovery should be limited to the damages actually sustained by the conversion.

For the error in the instructions given in answer to the first charge prayed, the judgment of the Circuit Court is reversed, and the cause remanded.